**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-3514
_____

IN RE: EVA ANDERSON,
                                        Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. Civ. No. 2: 24-cv-02095)

_____

Submitted Pursuant to Fed. R. App. P. 21
on December 23, 2025

Before: BIBAS, PHIPPS, and NYGAARD, <u>Circuit Judges</u>

(Opinion filed: January 23, 2026)

_____

_____

OPINION[*]
_____

PER CURIAM

Pro se petitioner Eva Anderson seeks a writ of mandamus. Because Anderson has not demonstrated that she is entitled to such relief, we will deny the petition.

In 2024, Anderson filed a complaint in the District Court alleging violations of the Fair Debt Collection Practices Act. On October 29, 2025, the District Court held a telephone conference during which Anderson's in-person deposition was scheduled for November 7, 2025, at 10:00 a.m. Anderson sought to have the deposition conducted remotely due to a heart condition, and indicated that she would file a motion to that effect. The District Court noted that the record was devoid of any evidence of Anderson's heart condition and warned that it would not grant such a motion "unless it is supported by acceptable medical evidence from [her] doctor." D.Ct. ECF No. 89 at 16.

Thereafter, on November 5 and 6, 2025, Anderson filed various motions with the District Court, seeking, inter alia, to have her deposition taken remotely. Those motions did not contain any medical documentation, and were denied by the District Court. On the morning of November 7, 2025, rather than appearing for her scheduled deposition, Anderson filed an emergency motion again seeking to have her deposition taken remotely, this time including a letter from a cardiologist. That letter, dated November 6,

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2025, stated only that she had been diagnosed with atrial fibrillation and provided characteristics of the diagnosis. It did not state that she was unable to sit for an in-person deposition.

The District Court denied the emergency motion, noting that it was not filed until after the scheduled start time for her deposition and that the "belated note" did not constitute good cause for the relief sought. D.Ct. ECF No. 80 at 1. The District Court concluded that Anderson's motion was "yet another transparently bogus effort to avoid being deposed in person and having to comply with the Federal Rules of Civil Procedure and this Court's Orders." *Id.* at 1–2. The Defendants subsequently moved to sanction Anderson for her failure to appear.

Thereafter, Anderson sought the recusal of the District Court judge on the grounds that he had "exhibited deep-seated favoritism toward Defendants and their counsel and corresponding antagonism toward Plaintiff, such that his impartiality might reasonably be questioned." D.Ct. ECF No. 94 at 2. The District Court denied the motion. In a thorough analysis, it concluded that "Anderson's motions reflect nothing more than disagreement with the Court's ruling that she must be deposed in person." D.Ct. ECF No. 104 at 4.

Anderson now petitions this Court for a writ of mandamus, requesting that we order the District Court to reassign her case because the District Judge's "impartiality might reasonably be questioned under 28 U.S.C. § 455(a)." 3d Cir. ECF No. 1-1 at 5. While an order denying a motion to recuse is not a final appealable order, mandamus may be used to review a refusal to recuse pursuant to 28 U.S.C. § 455(a). *See Alexander v. Primerica*

*Holdings, Inc.*, 10 F.3d 155, 163 (3d Cir. 1993). To obtain a writ of mandamus, Anderson must show "(1) a clear and indisputable abuse of discretion or error of law, (2) a lack of an alternate avenue for adequate relief, and (3) a likelihood of irreparable injury." *In re Abbott Laboratories*, 96 F.4th 371, 379 (3d Cir. 2024) (quoting *In re Howmedica Osteonics Corp.*, 867 F.3d 390, 401 (3d Cir. 2017)).

Recusal under § 455(a) is required where a reasonable person who is aware of all relevant facts might reasonably question a judge's impartiality. *In re Kensington Intern. Ltd.*, 368 F.3d 289, 300–01 (3d Cir. 2004). Anderson's concerns about the District Judge do not warrant the "extreme remedy" of mandamus relief, which is "reserved for only the most extraordinary situations." *In re Abbott Laboratories*, 96 F.4th at 379 (cleaned up). For the reasons stated by the District Court, which specifically addressed Anderson's assertions, we agree that recusal was not warranted.

Anderson's allegations against the District Judge largely demonstrate her disagreement with the District Court's procedural rulings. However, it is well-settled that "displeasure with legal rulings does not form an adequate basis for recusal." *See SecuraComm Consulting, Inc. v. Securacom Inc.*, 224 F.3d 273, 278 (3d Cir. 2000). To the extent Anderson asserts that the District Court demonstrated bias or antagonism because it "continued to mistrust the medical evidence" relating to her cardiac condition, 3d Cir. ECF No. 1-1 at 13, we disagree. As noted above, Anderson's letter from her doctor stated only that she suffered from a particular condition. It in no way indicated that her condition prevented her from sitting for her court-ordered deposition.

4

Nor was the District Court's choice of words in characterizing Anderson's motion as a "transparently bogus effort to avoid being deposed in person" so extreme as to "display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. U.S.*, 510 U.S. 540, 555 (1994). This is aptly demonstrated by the District Court's indication to Anderson that it would not dismiss her action as a sanction for her failure to show for her scheduled deposition, despite the Defendants requesting such relief. *See* D.Ct. ECF No. 102 at 29 ("That's not relief I'm gonna grant."); *id.* at 64 ("I would rather have you resolve the case between yourselves or the jury or me. I don't want to throw your case out."). Similarly, the District Court's warning that future non-compliance could result in dismissal as a sanction is neither a threat nor evidence of bias or deep-seated antagonism.

While Anderson selectively quotes from the District Court proceedings in an effort to demonstrate bias and antagonism, a review of the record as a whole does not demonstrate that the District Judge's impartiality could reasonably be questioned. Accordingly, her petition for a writ of mandamus will be denied. In light of our disposition, her emergency motion for a stay of the District Court proceedings is denied as moot.